**ESTATE OF Robert R. BERZINIS.**

Supreme Judicial Court of Maine.

Argued Nov. 22, 1985.

Decided Feb. 14, 1986.

Ranger, Fessenden & Copeland, P.A., Orville T. Ranger (orally), Brunswick, for plaintiff.

Perkins, Thompson, Hinckley & Keddy, Linda D. McGill (orally), Portland, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN and SCOLNIK, JJ.

NICHOLS, Justice.

The Personal Representatives of Robert R. Berzinis, late of Greenville, appeal from a judgment of the Piscataquis County Probate Court on May 2, 1985, recognizing the rights of the Petitioner, Gail Berzinis, as the surviving spouse, to an elective share, a homestead allowance, an exempt property allowance and a family allowance.

The Personal Representatives rely upon a certain written agreement dated December 2, 1982, signed by the couple prior to their marriage on December 15, 1982. They assert that by that writing the wife had effectively waived all right to elect and all other rights in her husband's estate pursuant to 18-A M.R.S.A. § 2-204 (1979).

The operative language of their antenuptial agreement is found in Section III thereof:

> All real and personal property owned by either of the parties at the time of their marriage, and all real and personal property that either may acquire from any source whatsoever during their marriage, shall be their respective separate property except as otherwise provided herein.

The central fact is that this agreement contains no waiver whatsoever of the rights of one spouse at the death of the other. In no way does it speak of death.

The use of the term "separate property," which brings to mind the definition of "marital property" in 19 M.R.S.A. § 722-A (1979), is suggestive of a provision for divorce but not of a provision for death.

Indeed, the wife testified that when the decedent asked her to sign this agreement on the eve of their marriage, he told her that the agreement was "in case of divorce."

So it was.

The entry is:

Judgment affirmed.

All concurring.